UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KRZYSZTOF J. FOX,

                                        Plaintiff,

                                                            Case # 15-CV-692-FPG

v.

                                                            DECISION AND ORDER

TODD L. TRYON and
AGS SECURITY COMPANY,

                                        Defendants.

---

CHRISTOPHER J. FOX, a/k/a
KRZYSZTOF JAROSLAW FOX,

                                        Plaintiff,

                                                            Case # 15-CV-6196-FPG

v.

                                                            DECISION AND ORDER

AETNA FORWARDING, INC.,

                                        Defendant.

---

CHRISTOPHER J. FOX, a/k/a
KRZYSZTOF J. FOX,

                                        Plaintiff,

                                                            Case # 15-CV-6538-FPG

v.

                                                            DECISION AND ORDER

DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT, MICHAEL T.
PHILLIPS, MARVIN J. MULLER,
D.O. BERMUDEZ M-00568, D.O. V. PULCINI,
and D.O. SUP. HENDERSON,

                                        Defendants.

CHRISTOPHER J. FOX, a/k/a
KRZYSZTOF J. FOX,

                            Plaintiff,

v.

EMOTIONAL-MENTAL ABUSERS,
BED #101 UKRAINIAN MEN,
BED #102 ZENON PROKOP,
BED #89 TRINIDAD MEN,
BED #90 JAMAICAN MEN,
BED #106 JAMAICAN MEN FROM UNIT B3,
BED #90 MEN B3, BED #106 MEN B3,
BED #058 MEN VARGERA, PANAMA, THIS MEN
NOW IN UNIT B2 HIS NAME IS VARGAS?

                            Defendants.

Case # 15-CV-6539-FPG

DECISION AND ORDER

---

CHRISTOPHER J. FOX,

                            Plaintiff,

v.

CITIZENSHIP AND IMMIGRATION CANADA, and
THE MINISTER OF CITIZENSHIP AND
IMMIGRATION CANADA CHRIS ALEXANDER,

                            Defendants.

Case # 15-CV-6601-FPG

DECISION AND ORDER

---

CHRISTOPHER J. FOX,

                            Plaintiff,

v.

MARK ZUCKERBERG, OWNER OF
FACEBOOK INC.,

                            Defendant.

Case # 15-CV-6602-FPG

DECISION AND ORDER

---

CHRISTOPHER J. FOX,

Plaintiff,

Case # 15-CV-6603-FPG

v.

DECISION AND ORDER

JACK MA, OWNER OF ALIBABA GROUP,

Defendant.

*Pro se* Plaintiff Christopher J. Fox, a/k/a Krzysztof Jaroslaw Fox ("Plaintiff"), has brought the above listed seven actions in this Court.  While there is little to no overlap between the facts or Defendants in these seven cases, two specific issues are present in each of these cases and will be dealt with in this consolidated Order.

First, Plaintiff has moved for the appointment of counsel in each of these cases. Plaintiff's Motion dated December 22, 2015 and filed on January 4, 2016 consists of one page, and the basis of his request is that Plaintiff is "financially unable to obtain representation.  And the evidentiary hearing will be necessary, because all of this (sic) cases have issues that are unusually complex, and also because I pay taxes in U.S., will the interests of justice would be served by such action." *See* Case No. 15-CV-6603-FPG, ECF No. 5.  The motion then lists, in table format, each of the seven cases listed in the caption of this Order. [1]  Plaintiff had previously submitted similar one page applications in many of these cases, but none of these submissions provides any further detail to support his requests for the appointment of counsel.

There is no constitutional right to appointed counsel in civil cases.  Under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist indigent litigants. *See, e.g., Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988).  The assignment of

---

[1]     In addition to the seven cases listed in the caption of this Order, Plaintiff also listed a case that was actually a motion and therefore not opened as a separate case and a separate Habeas matter that was assigned to Judge John T. Curtin as docket number 15-CV-514-JTC.

counsel in civil cases is within the trial Court's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The Court must consider the issue of appointment carefully, because "every assignment of a volunteer lawyer deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989).  In determining whether to assign counsel, the Court considers several factors, including whether the indigent's claims seem likely to be of substance; whether the indigent is able to investigate the facts concerning his claim; whether the legal issues are complex; and whether there are special reasons why the appointment of counsel would be more likely to lead to a just determination.  *See Hendricks v. Coughlin*, 114 F.3 390, 392 (2d Cir. 1997); *Hodge v. Police Officers,* 802 F.2d 58 (2d Cir. 1986).

At this juncture, when the Defendants have not been directed to answer the Complaints, I find that the request for the appointment of counsel is premature.  In addition, the Court's preliminary review of the Complaints reveals several issues that may result in the dismissal of these cases, such as the lack of subject matter jurisdiction, or the bringing of frivolous and baseless claims – such as Plaintiff's claims that Facebook was stolen from him by Mark Zuckerburg, or that Plaintiff is the true developer of the technology that runs Alibaba, and that technology was similarly plagiarized or stolen from him by Jack Ma.  For all of these reasons, Plaintiff's request for the appointment of counsel at this juncture is DENIED.

Second, since the Plaintiff is proceeding *in forma pauperis*, the Court would ordinarily proceed to screen each of these Complaints under 28 U.S.C. § 1915(e).  However, the Court takes judicial notice of documents filed in Plaintiff's Habeas matter before Judge Curtin, which demonstrate that Plaintiff was the subject of a Warrant of Removal/Deportation, and was in fact removed from the United States by the United States Department of Homeland Security on January 26, 2016.  *See* Docket No. 15-CV-514-JTC, ECF No. 17.  As a result of his

Removal/Deportation, Plaintiff is not legally permitted to be present in the United States, and presently resides in Poland.

Ultimately, if these actions were to proceed, Plaintiff would be required to physically appear before this Court for any potential trial, both to present his claims and to provide any testimony in support of his claims. If he failed to appear at such a trial, the action would have to be dismissed, even if Plaintiff's non-appearance was the result of his deportation. Further, since Plaintiff has been deported or removed from the United States, if he were to re-enter the United States without the prior express written permission of the United States Attorney General, Plaintiff would be committing a felony offense under United States law. *See* 8 U.S.C. § 1326(a). As such, due to his deportation, it appears unlikely that Plaintiff could ever appear before this Court to present his claims.

However, the Court is mindful that re-entry of a previously deported alien can be permitted, if "the Attorney General has expressly consented to such alien's reapplying for admission." *See* 8 U.S.C. § 1326(a)(2). Under this statute, a procedure exists for a deported alien such as Plaintiff to be lawfully readmitted to the United States, and the discretion to grant such re-entry is committed to the Executive Branch. Because the law affords Plaintiff a means of obtaining lawful re-entry into the United States to appear in person for a trial of this case, the Court will provide Plaintiff with the opportunity to obtain such lawful re-admission to the United States before dismissing his case.

Accordingly, Plaintiff is ORDERED to file with the Court a copy of the written consent of the United States Attorney General or her designee, for Plaintiff to reapply for admission into the United States. If a copy of such written consent has not been filed on or before November 30, 2016, these actions will be dismissed for Plaintiff's inability to prosecute these cases. *See, e.g., Kuar v. Mawn*, No. 08-CV-4401 JFB ETB, 2012 WL 3808620, at *6 (E.D.N.Y. Sept. 4,

2012) ("The Court concludes that, where there is no reasonable possibility that a *pro se* plaintiff can appear at trial because of deportation, the court may dismiss the case for failure to prosecute after providing plaintiff with a reasonable time to rectify the order of deportation.").

CONCLUSION

Plaintiff's requests for the appointment of counsel, specifically:

1) In case # 15-CV-692-FPG, ECF Nos. 3, 4, 9;

2) In case # 15-CV-6196-FPG, ECF Nos. 5, 6, 9;

3) In case # 15-CV-6538-FPG, ECF Nos. 3, 5;

4) In case # 15-CV-6539-FPG, ECF Nos 3, 5;

5) In case # 15-CV-6601-FPG, ECF Nos. 3, 5;

6) In case # 15-CV-6602-FPG, ECF Nos. 3, 5; and

7) In case # 15-CV-6603-FPG, ECF Nos. 3, 5;

are all DENIED.

Further, Plaintiff is ORDERED to file with the Court a copy of the written consent of the United States Attorney General, or her designee, for Plaintiff to reapply for admission into the United States.  If a copy of such written consent has not been filed on or before November 30, 2016, these actions will be dismissed for Plaintiff's inability to prosecute these cases.

IT IS SO ORDERED.

Dated: September 1, 2016
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court